JONES, Judge,
dissenting with reasons.
The re-sentencing trial judge’s conclusion that the failure of the original trial judge to state that the defendant’s sentence was to be served without benefit of probation, parole or suspension of sentence was nothing more than an oversight is not supported by any competent evidence. Nor do I agree with the trial judge’s statement that the original sentencing judge’s remarks in the unrelated case of State of Louisiana versus Wilbert Brass, case number 266-741, indicate that the judge believed that any sentence for armed robbery would be without benefit of parole. Rather, the language in that case simply indicates that the judge was sentencing that specific defendant to serve a term of years without the benefit of parole.
The trial judge’s assumption that because he had a “long standing association” with the judge as a practicing attorney, he knew what the judge intended is nothing more than a subjective opinion and constitutes evidence of nothing. Moreover, I believe the' trial judge’s statement amounts to testimony in *1322 the ease. As such I question the propriety of the judge acting as a witness in a case where he is required to act as an impartial arbiter.
Since the intent of the judge who imposed the original sentence cannot be determined, defendant’s sentence should be vacated and he should be resentenced to a term of years that does not exceed the term of years originally imposed. For these reasons, I disagree with the decision of the majority and respectfully dissent.